**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108931

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERNANDO J PADILLA, <br><br> Plaintiff, <br><br> vs. <br><br> MONARCH RECOVERY MANAGEMENT, INC., <br><br> Defendant. | Docket No: **15 3531** <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

FERNANDO J PADILLA (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MONARCH RECOVERY MANAGEMENT, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA.").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Pennsylvania.

1

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Philadelphia, Pennsylvania.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### FIRST COUNT
### Violation of 15 U.S.C. § 1692f
### Disclosure of Plaintiff's Account Number

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to debtors.

20. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a debtor by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

21. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

22. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number on the envelope. *Id.*

23. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number by making such visible through any glassine window of the envelope. *Id.*

24. Defendant disclosed Plaintiff's account number in its mailing to Plaintiff by placing such on the envelope, or making such visible through the glassine window of the envelope.

25. Defendant has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

### JURY DEMAND

26. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

3

    b.    Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c.    Plaintiff's actual damages; and

    d.    Plaintiff's costs; all together with

    e.    Such other relief that the Court determines is just and proper.

DATED: May 29, 2015

                                        BARSHAY SANDERS, PLLC

                                        By: _____
                                        Melissa A. Pirillo
                                        BARSHAY SANDERS, PLLC
                                        100 Garden City Plaza, Suite 500
                                        Garden City, New York 11530
                                        Tel: (516) 203-7600
                                        Fax: (516) 706-5055
                                        *ConsumerRights@BarshaySanders.com*
                                        *Attorneys for Plaintiff*
                                        Our File No.: 108931

# EXHIBIT 1

# MONARCH
## Recovery Management, Inc.

10965 Decatur Road
Philadelphia PA 19154-3210
RETURN SERVICE REQUESTED

| Account #: | *************5729 |
|---|---|
| Monarch File #: | ▇6175 |
| Total Balance as of 21 OCT 2014: | $12077.41 |

October 21, 2014

▇175-T45CIT    428756032
|ⁱ¹·ᵈᵈᵈ¹ᴵᴵ¹·ⁱⁱ¹ᴵᴵ¹·ⁱᵈᵈⁱᴵⁱᴵⁱᴵᴵⁱⁱᴵᴵ¹ᴵᴵᴵᴵ·ᵈᵈⁱᴵᴵⁱⁱ¹ᵈᵈᴵⁱᴵᴵᴵⁱⁱⁱⁱ|
FERNANDO J PADILLA
266 Parkwood St
Ronkonkoma NY 11779-5961

Make Check Payable to: Citibank

MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 16119
PHILADELPHIA PA 19114-0589

Pay Online: ACH accepted https://mrm.webview.com

\* Detach and Return Top Portion to Expedite Your Account \*

## ACCOUNT INFORMATION

| Date of letter: | October 21, 2014 | Creditor: | CITIBANK, N.A. |
|---|---|---|---|
| Account #: | *************5729 | | |
| Monarch File #: | ▇6175 | Additional Information: | THE HOME DEPOT |
| Total Balance as of 21 OCT 2014: $12077.41 | | | |

This is to advise you that your account has been transferred to our office for collection by CITIBANK, N.A. .

As of the date of this letter, you owe $12077.41. The amount due on the day you pay may be greater as interest may be added by the creditor. Hence, if you pay the total balance due shown above, an adjustment may be necessary after we receive your payment.

If you choose not to pay the balance in full, the creditor is willing to accept a settlement of 45% of the total balance due, which is \*\*\* $5434.83 \*\*\* as of the date of this letter. Please note this settlement amount will change if the total balance due changes. This settlement offer will expire on **December 20, 2014**. This offer does not cancel nor override your dispute rights set forth below.

Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. If you pay us by check or check by phone, your transaction will be converted to an ACH. When you provide a check as payment, you authorize us, either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. Additionally, the check writer authorizes Monarch or its agent to re-present the check electronically if the check is returned for insufficient or uncollected funds.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 10965 Decatur Road, Philadelphia, PA 19154, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

Yours truly

**MATT FITHIAN DEBT COLLECTOR EXT 2730**
New York City Department of Consumer Affairs License #1345051 and #1345050.

392CZMORM01_T45CIT

Case 2:15-cv-03531-JP   Document 1   Filed 06/12/15   Page 7 of 9



JS 44 (Rev. 12/12)     **CIVIL COVER SHEET**    15 CV 3531

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**15 3531**

### I. (a) PLAINTIFFS
FERNANDO J PADILLA

**DEFENDANTS**
MONARCH RECOVERY MANAGEMENT, INC.

**(b)** County of Residence of First Listed Plaintiff    SUFFOLK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- O 1 U.S. Government Plaintiff
- ● 3 Federal Question *(U.S. Government Not a Party)*
- O 2 U.S. Government Defendant
- O 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | O 1 | Incorporated *or* Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated *and* Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| O 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | O 625 Drug Related Seizure of Property 21 USC 881 | O 422 Appeal 28 USC 158 | O 375 False Claims Act |
| O 120 Marine | O 310 Airplane | O 365 Personal Injury - Product Liability | O 690 Other | O 423 Withdrawal 28 USC 157 | O 400 State Reapportionment |
| O 130 Miller Act | O 315 Airplane Product Liability | O 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | O 410 Antitrust |
| O 140 Negotiable Instrument | O 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | O 430 Banks and Banking |
| O 150 Recovery of Overpayment & Enforcement of Judgment |  |  |  | O 820 Copyrights | O 450 Commerce |
| O 151 Medicare Act | O 330 Federal Employers' Liability |  |  | O 830 Patent | O 460 Deportation |
| O 152 Recovery of Defaulted Student Loans (Excludes Veterans) | O 340 Marine | O 368 Asbestos Personal Injury Product Liability |  | O 840 Trademark | O 470 Racketeer Influenced and Corrupt Organizations |
| O 153 Recovery of Overpayment of Veteran's Benefits | O 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ● 480 Consumer Credit |
| O 160 Stockholders' Suits | O 350 Motor Vehicle | O 370 Other Fraud | O 710 Fair Labor Standards Act | O 861 HIA (1395ff) | O 490 Cable/Sat TV |
| O 190 Other Contract | O 355 Motor Vehicle Product Liability | O 371 Truth in Lending | O 720 Labor/Management Relations | O 862 Black Lung (923) | O 850 Securities/Commodities/ Exchange |
| O 195 Contract Product Liability | O 360 Other Personal Injury | O 380 Other Personal Property Damage | O 740 Railway Labor Act | O 863 DIWC/DIWW (405(g)) | O 890 Other Statutory Actions |
| O 196 Franchise |  | O 385 Property Damage Product Liability | O 751 Family and Medical Leave Act | O 864 SSID Title XVI | O 891 Agricultural Acts |
|  | O 362 Personal Injury - Medical Malpractice |  | O 790 Other Labor Litigation | O 865 RSI (405(g)) | O 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | O 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | O 895 Freedom of Information Act |
| O 210 Land Condemnation | O 440 Other Civil Rights | **Habeas Corpus:** |  | O 870 Taxes (U.S. Plaintiff or Defendant) | O 896 Arbitration |
| O 220 Foreclosure | O 441 Voting | O 463 Alien Detainee |  | O 871 IRS—Third Party 26 USC 7609 | O 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| O 230 Rent Lease & Ejectment | O 442 Employment | O 510 Motions to Vacate Sentence |  |  | O 950 Constitutionality of State Statutes |
| O 240 Torts to Land | O 443 Housing/ Accommodations | O 530 General |  |  |  |
| O 245 Tort Product Liability | O 445 Amer. w/Disabilities - Employment | O 535 Death Penalty | **IMMIGRATION** |  |  |
| O 290 All Other Real Property |  | **Other:** | O 462 Naturalization Application |  |  |
|  | O 446 Amer. w/Disabilities - Other | O 540 Mandamus & Other | O 465 Other Immigration Actions |  |  |
|  | O 448 Education | O 550 Civil Rights |  |  |  |
|  |  | O 555 Prison Condition |  |  |  |
|  |  | O 560 Civil Detainee Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ● 1 Original Proceeding
- O 2 Removed from State Court
- O 3 Remanded from Appellate Court
- O 4 Reinstated or Reopened
- O 5 Transferred from Another District *(specify)*
- O 6 Multidistrict Litigation

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 USC §1692

Brief description of cause: Fair Debt Collection Practices Act Violation

### VII. REQUESTED IN COMPLAINT:

O CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $1000.00    CHECK YES only if demanded in complaint:
JURY DEMAND:   ● Yes   O No

### VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE       DOCKET NUMBER

DATE: May 29, 2015     SIGNATURE OF ATTORNEY OF RECORD     JUN 12 2015

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE



UNITED STATES DISTRICT COURT

**15 3531**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 266 Parkwood Street, RONKONKOMA, New York 11779

Address of Defendant: 10965 Decatur Road, PHILADELPHIA, Pennsylvania 19154

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐ No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
2. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FDCPA 15 U.S.C. 1692

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Melissa Pirillo , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: June 19, 2015    _____    314730
                       Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 19, 2015    _____    314730
                       Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

JUN 1 2 2015



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Fernando J Padilla  :  CIVIL ACTION

v.  :  NO. **15 3531**

Monarch Recovery Management, Inc.  :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| June 19, 2015 | _____ | _____ PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (516) 203-7600 | (516) 282-7878 | mpirillo@sanderslawpllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 1 2 2015